VIN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**JOHN MONTE and DIANA MONTE,**

    **Plaintiffs,**

  v.                                           No. 25-cv-01228 JFR/GBW

**STATE FARM FIRE AND CASUALTY COMPANY,**

    **Defendant.**

## ORDER GRANTING REMAND AND DENYING ATTORNEY'S FEES[1]

**THIS MATTER** is before the Court on *Plaintiffs' Opposed Motion to Remand and Memorandum in Support* ("*Motion*"), filed January 8, 2026. Doc. 12. Defendant responded on January 22, 2026, Doc. 13, and Plaintiffs replied on February 5, 2026, Doc. 19. After examining counsel's arguments, the record, and the relevant law, the Court finds that the *Motion* (Doc. 12) is partially well-taken and thus it is **GRANTED IN PART AND DENIED IN PART**.

      **I.**    **RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

On May 9, 2025, Plaintiffs originally filed suit against Defendant in the Second Judicial District Court for the State of New Mexico for claims arising from property damage to Plaintiffs' residence incurred during a catastrophic weather event on or about May 9, 2024. *See generally* Doc. 1-1. In the Complaint (Doc. 1-1), Plaintiffs allege three claims: breach of contract, *see id.* at 5 ¶¶ 23-27 (Count I); unfair insurance practices, *see id.* at 5-7 ¶¶ 28-35 (Count II); and bad faith conduct, *see id.* at 7-9 ¶¶ 36-51 (Count III).

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties consented to the undersigned to conduct any or all proceedings, and to enter an order of judgment, in this case. Doc. 9.

1

On December 10, 2025, Defendant removed the case to this court on the basis of diversity jurisdiction. Doc. 1; *accord* 28 U.S.C. § 1332. In its 'Notice of Removal,' Defendant asserted that its citizenship is diverse from that of Plaintiffs because Plaintiffs are citizens of New Mexico and Defendant is a corporation that has both its place of incorporation and principal place of business in Illinois. Doc. 1 at 2 ¶¶ 5-6. Defendant also asserted that the amount in controversy exceeds $75,000.00. *Id.* at ¶ 3.

On January 8, 2026, Plaintiffs filed the present *Motion* seeking to remand this case to state court and arguing that the Court lacks jurisdiction over this case because Defendant has failed to meet its burden of showing that the amount in controversy exceeds $75,000.00. Doc. 12. Defendant responded on January 22, 2026, Doc. 13, and Plaintiff replied on February 5, 2026, Doc. 19.

## II. LEGAL STANDARDS

An action is removable from state court if the federal district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 1332(a), a federal district court possesses original subject matter jurisdiction over a case when the parties are diverse in citizenship and the amount in controversy exceeds $75,000.00 (exclusive of interests and costs). The Tenth Circuit Court of Appeals has defined "amount in controversy" as an "estimate of the amount that will be put at issue in the course of the litigation." *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008).

If a plaintiff's complaint, filed in state court, demands monetary relief of a stated sum, that sum, if asserted in good faith, is "deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). When the plaintiff's initial pleading seeks nonmonetary relief or does not state the amount in controversy, the defendant's notice of removal may do so. 28 U.S.C. § 1446(c)(2)(A).

"[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owen*, 574 U.S. 81, 89 (2014).

Only if "the plaintiff contests, or the court questions, the defendant's allegation" that the amount in controversy exceeds the jurisdictional threshold must the defendant provide supporting evidence. *Id.* "In such a case, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 88; *accord* 28 U.S.C. § 1446(c)(2)(B). A defendant seeking removal can establish jurisdictional facts by a preponderance in a number of ways, including but not limited to:

> contentions, interrogatories or admissions in state court; by calculation from the complaint's allegations[;] by reference to the plaintiff's informal estimates or settlement demands[;] or by introducing evidence, in the form of affidavits from the defendant's employees or experts, about how much it would cost to satisfy the plaintiff's demands.

*McPhail*, 529 F.3d at 954 (quoting *Meridian Sec. Ins. v. Sadowski*, 441 F.3d 536, 541-42 (7th Cir. 2006)) (alterations in original). If a defendant can prove these jurisdictional facts, the matter should stay in federal court "unless it is 'legally certain' that less than $75,000 is at stake." *Id.*; *see also Hammonds v. Stamps.com, Inc.*, 844 F.3d 909, 912 (10th Cir. 2016) ("[T]o justify dismissal under this standard 'it must appear to a legal certainty that the claim is really for less than the jurisdictional amount[ . . . ].'" (quoting *St. Paul Mercury Indem. Co. v. Red. Cab Co.*, 303 U.S. 283, 289 (1938))).

### III. ANALYSIS

#### A. Diversity Jurisdiction

At issue is whether or not there is diversity jurisdiction, which requires: (1) diversity in citizenship; and (2) the amount in controversy to exceed $75,000.00 (exclusive of interests and costs). 28 U.S.C. § 1332(a).

The Court first concludes that the parties are diverse in citizenship. Plaintiffs are two individuals both residing in New Mexico. Doc. 1-1 at 1 ¶¶ 1-2. Defendant is a corporate resident of Illinois, where Defendant has both its place of incorporation and principal place of business. Doc. 1 at 2 ¶ 5. The parties' diversity in citizenship is seemingly uncontested, seeing as the *Motion* focuses on the amount in controversy. *See generally* Doc. 12.

Because Plaintiffs, by virtue of filing the present *Motion* (Doc. 12), contested Defendant's allegation that the amount in controversy exceeded $75,000.00, Defendant assumed the burden of submitting evidence to support its allegation by a preponderance of the evidence. *See Dart Cherokee*, 574 U.S. at 88-89; *accord* 28 U.S.C. § 1446(c)(2)(B). However, the parties do not dispute that the amount in controversy does not exceed $75,000.00. *See* Doc. 13 at 1 ("Plaintiffs and [Defendant] reached an agreement in principle to remand this matter to State Court on the basis that Plaintiffs' case value does not meet the jurisdictional threshold for diversity jurisdiction."). Consequently, Defendant failed to submit evidence supporting its original allegation that the amount in controversy exceeded $75,000.00. Therefore, the Court finds that remand is appropriate. *See Dart Cherokee*, 574 U.S. at 88-89.

Although Defendant agrees that the amount in controversy does not exceed $75,000.00, the reason for its opposition to the *Motion* (Doc. 12) is Defendant's request that the Court include

stipulating language that "all categories of damages and recoveries do not add up to $75,000." Doc. 13 at 1.  Because Defendant fails to include any authority indicating when and how such a stipulation is appropriate, and entirely fails to make any such argument, *see generally* Doc. 13, the Court declines to impede on the state court's authority to fully adjudicate this matter, including but not limited to any relief potentially granted.

### B. Attorney's Fees

Plaintiffs move for the Court to award them, under 28 U.S.C. § 1447(c), *see* Doc. 12 at 1, $975.00 in "costs, expenses, and attorney fees because defendant's removal of this case was not objectively reasonable," *id.* at 4 ¶ 18.  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied."  *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005).

Although Defendant did not carry its burden to establish the amount in controversy by a preponderance of evidence once challenged, the Court concludes Defendant had an objectively reasonable basis to believe that the amount in controversy exceeded $75,000.00, which is all that was required to be sufficiently pled in the 'Notice of Removal' (Doc. 1).  *Dart Cherokee*, 574 U.S. at 89 ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."); *see also Meridian*, 441 F.3d at 543 ("[A] proponent of federal jurisdiction must, *if* material factual allegations are contested, prove those jurisdictional facts by a preponderance of the evidence" (emphasis added)).

Excluding costs and interests, *accord* 28 U.S.C. § 1332(a), Plaintiffs seek $56,422.92 in actual damages, *see* Doc. 1-1 at 3 ¶ 16, and unspecified amounts in "consequential damages, punitive damage, . . . additional statutory damages . . . and all other such relief, general or

5

specific, in law or in equity, whether pled or unpled, or within this complaint that Plaintiffs are entitled to recover," *id.* at 10.  In other words, the combination of claims alleged and damages sought made it plausible that the amount in controversy exceeded $75,000.00, especially since Plaintiffs are not statutorily or contractually limited in damages.  *See generally* Doc. 1-1.  In other words, Plaintiff's claims were not legally certain to be less than $75,000.00.  The fact that the parties have since agreed to remand, at least in principle, *see* Doc. 13 at 1, does not change the reasonableness of Defendant's earlier belief and assertion that the amount in controversy exceeded $75,000.00.  Therefore, the Court declines to award fees or costs under 28 U.S.C. § 1447(c).

## IV. CONCLUSION

For the foregoing reasons, the Court finds that Defendant failed to demonstrate by a preponderance of evidence that the amount in controversy exceeds $75,000.00.  Therefore, Plaintiffs' request for remand is **GRANTED**.  However, the Court further finds that Defendant reasonably believed and pled that the amount in controversy exceeded $75,000.00 in its 'Notice of Removal' (Doc. 1).  Therefore, Plaintiffs' request for costs, expenses, and attorney's fees under 28 U.S.C. § 1447(c) is **DENIED**.

**IT IS SO ORDERED.**

_____
**JOHN F. ROBBENHAAR**
**United States Magistrate Judge**
**Presiding by Consent**